COMMONWEALTH of Pennsylvania

v.

ALL THAT CERTAIN LOT OR PARCEL OF LAND LOCATED AT 2136 CLEARVIEW AVENUE, Stroudsburg, Stroud Township, Monroe County, Pennsylvania, 18360–9743 and described with particularity at Deed Book 2022, Page 7063, Recorder of Deeds, Monroe County, Pennsylvania

Appeal of: Kevin Michael Berry.

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 2003.

Decided Jan. 23, 2004.

Todd W. Weitzmann, Stroudsburg, for appellant.

Donald M. Leeth, Stroudsburg, for appellees.

BEFORE: LEADBETTER, Judge, and LEAVITT, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Kevin Michael Berry (Berry) appeals from the May 6, 2003 order of the Court of Common Pleas of Monroe County (trial court) that granted the Commonwealth of Pennsylvania's (Commonwealth) Application for Process (Forfeiture Application), seeking forfeiture of all that certain lot or parcel of land located at 2136 Clearview Avenue located in Stroudsburg, Stroud Township, Monroe County, Pennsylvania, recorded in the Monroe County, Pennsylvania Office of the Recorder of Deeds at deed book 2022, page 7063 (Subject Property) pursuant to the law commonly referred to as the Controlled Substance Forfeiture Act (Forfeiture Act)[1]. For the reasons set forth below, we vacate and remand.

On November 10, 2001, officers from the Stroud Area Regional Police Department responded to a domestic disturbance and hostage situation involving Berry and his wife that occurred on the Subject Property. The hostage situation was resolved and Berry was taken into custody. During a subsequent sweep of the Subject Property for weapons, police discovered approximately one pound of marijuana and other drug paraphernalia in a bedroom. A search warrant was procured and police uncovered in the basement approximately 12,000 grams of marijuana packed in four blocks, weighing five pounds each, and over $40,000 in United States currency located in a locked safe on the second floor of the premises.

Berry was arrested on November 11, 2001 and charged with Possession of a Controlled Substance and Possession of a Controlled Substance with the Intent to Deliver pursuant to Sections 13(a)(16) and (a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act (The Controlled Substance Act).[2] On November 6, 2002, Berry entered a plea of *nolo contendere* to Section 7512 of the Crimes Code [3] (relating to use of a communication facility to commit, cause or facilitate the commission of a crime which constitutes a felony under The Controlled Substance Act), a third degree felony.[4] Berry was sentenced in connection with his plea to undergo incarceration for a period of not less than 11½ months and not more than 23 months on December 7, 2002.[5]

In the interim, the Commonwealth filed the Forfeiture Application on March 28, 2002, seeking forfeiture of the Subject Property. Berry filed an Answer and a Motion to Dismiss, which the trial court denied by opinion and order dated April 11, 2003.[6] On May 6, 2003, pursuant to a Motion for a Determination of Finality filed by Berry, the trial court amended its April 11, 2003 order and granted the Commonwealth's Forfeiture Application, there-

---

1. 42 Pa.C.S. §§ 6801–6802.

2. Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780–113(a)(16) and 780–113(a)(30), respectively.

3. 18 Pa.C.S. § 7512.

4. The transcript from the November 6, 2002 plea proceedings indicates that this charge was related to Berry's communication by telephone with a third party to remove the marijuana from the Subject Property, which was then distributed by that third party.

5. The penalty for a violation of 18 Pa.C.S. § 7512 is a fine of not more than $15,000 or imprisonment for not more than seven years, or both. 18 Pa.C.S. § 7512(b).

6. This order also addressed Berry's pending Post–Sentence Motion for Return of Property seeking return of miscellaneous personal property seized by the Commonwealth on November 10, 2001.

by finalizing the forfeiture issue in the Commonwealth's favor.

■ On appeal to this Court, Berry argues that the trial court applied the wrong burden of proof and that the trial court's forfeiture order violates the excessive fines provisions of the Eighth Amendment of the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution. U.S. CONST. amend. VIII, PA. CONST. art. 1, § 13. Our review of an appeal from a forfeiture order is limited to determining whether the findings of fact made by the trial court are supported by substantial evidence and whether the trial court committed an abuse of discretion or an error of law. *Commonwealth v. Real Prop. & Improvements Commonly Known as 5444 Spruce St.*, 574 Pa. 423, 832 A.2d 396 (2003).

The Eighth Amendment provides that excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted. U.S. CONST. amend. VIII. It is made applicable to the states through the Fourteenth Amendment. U.S. CONST. amend. XIV, § 1. Article I, Section 13 of the Pennsylvania Constitution is coextensive with the Eighth Amendment and provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted." PA. CONST. art. 1, § 13. The excessive fines provision of the Pennsylvania Constitution and the United States Constitution are virtually identical. *5444 Spruce St.*

The Forfeiture Act provides in pertinent part that the following is subject to forfeiture to the Commonwealth:

[r]eal property used or intended to be used to facilitate any violation of [The Controlled Substance Act], including structures or other improvements thereon, and including any right, title and interest in the whole or any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of [The Controlled Substance Act], and things growing on, affixed to and found in the land.

42 Pa.C.S. § 6801(a)(6)(i)(C).

■ Pursuant to the Supreme Court's decision in *5444 Spruce St.*, the constitutionality of a punitive forfeiture must be analyzed by applying the gross disproportionality test.[7] This involves a comparison of the value of the property forfeited to the gravity of the defendant's offense. *Id.* If there is gross disproportionality, the forfeiture constitutes an unconstitutional excessive fine. *Id.* In other words, the critical inquiry is whether the amount of the forfeiture bears a relationship to the culpability of the offender. *Id.*

■ Here, the record before the trial court consisted of the transcripts of the April 22, 2002 depositions of Detectives John Jakobsen and Daniel Munch of the Stroud Area Regional Police Department, who were present during the November 10, 2001 search of the Subject Property and who located the large quantities of marijuana there. Also before the trial court was the transcript of the February 14, 2002 omnibus hearing addressing Berry's pending suppression motion and motion for return of personal property.

The trial court found that the large quantities of cash and marijuana located on the Subject Property, in addition to the circumstances of Berry's *nolo contendere*

---

7. In *5444 Spruce St.*, the Supreme Court specifically overruled the prior test, set forth in *In re King Properties*, 535 Pa. 321, 635 A.2d 128 (1993), which had provided that the value of the thing forfeited was not an appropriate inquiry in determining proportionality.

plea to a third degree felony charge under The Controlled Substance Act, supported a finding that Berry used the Subject Property in a pattern of drug activities, warranting the forfeiture of the Subject Property.

■ To overcome an excessive fine challenge, the Commonwealth must establish, by clear and convincing evidence, that the criminal conduct in question is not a one-time occurrence. *5444 Spruce St.* Berry argues that the Commonwealth failed to present clear and convincing evidence of a pattern sufficient to support forfeiture of the Subject Property because: (1) there was no direct proof of intent to sell or deliver the marijuana, (2) most of the personal property seized in the search, including the cash and guns, was found by the trial court to be returnable, (3) Berry's *nolo contendere* plea does not constitute a violation of The Controlled Substances Act and, (4) there was no evidence that the storage of the marijuana was more than just a one-time occurrence. Thus, Berry concludes that the forfeiture order is an unconstitutional excessive fine. We disagree.

The factors by which a trial court must measure the gravity of the offense are specific to the conduct of the defendant, not general. *Id.* That is, the trial court must weigh (1) the penalty imposed on the defendant compared to the maximum penalty available, (2) whether the defendant's violation was isolated or part of a pattern of misbehavior, and (3) the harm caused by defendant's crime. *Id.*

The record contains undisputed evidence that the Subject Property was used to store and conceal large quantities of marijuana and that this amount is inconsistent with personal use. Moreover, Berry admitted in connection with his *nolo contendere* plea that he contacted a third party to remove the contraband which was to be ultimately sold. He was sentenced to imprisonment for pleading to a third degree felony drug charge. Combined, we find that these facts support the trial court's findings that Berry's illegal drug activity was not a one-time occurrence.

Although the instant record contains sufficient evidence from which the trial court could determine the gravity of Berry's offense, the record is incomplete as to the second prong of the proportionality test since there is no evidence establishing the value of the Subject Property. As the Supreme Court clearly mandates, the trial court *must* compare the value of the forfeited property to the gravity of the defendant's offense. *Id.*

Accordingly, we vacate and remand this matter to the trial court for a determination of the value of the Subject Property and a comparison of same to the gravity of Berry's offense, in conformity with the Supreme Court's decision in *5444 Spruce St.*

## ORDER

AND NOW, this 23rd day of January, 2004, the May 6, 2003 order of the Court of Common Pleas of Monroe County is hereby vacated and the matter is remanded for findings consistent with the foregoing opinion.

Jurisdiction relinquished.