IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
: No. 2085 C.D. 2016
v. :
: Submitted: April 28, 2017
$3,487.17 U.S. Currency :
:
Appeal of: Timothy Baldwin :


BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE JOSEPH M. COSGROVE, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                     FILED: August 14, 2017


Timothy Baldwin (Appellant) appeals *pro se* from the September 12, 2016 order of the Court of Common Pleas of Lancaster County (trial court), granting the petition of the Commonwealth of Pennsylvania for forfeiture of $3,487.17 seized from Appellant's brother and their shared residence following his brother's arrest, and seized from Appellant following his arrest on an outstanding warrant and a search of his vehicle.

Appellant and his brother, Kyle Baldwin (Kyle), resided at 539 Woodward Street in Lancaster City. On October 26, 2013, detectives from the Lancaster City Bureau of Police were called to assist with a shooting investigation at this address. During a search of the residence, police seized a firearm, crack cocaine found in two separate locations, and cash. The cash was seized both from Kyle's

person ($217.17) and from underneath a couch cushion ($2,500.00). (Trial court op. at 7.) Two bags of cocaine were also found underneath the couch cushion. (Notes of Testimony (N.T.), September 8, 2016, at 15.) Kyle was charged with possession with intent to deliver, receiving stolen property, discharge of a firearm into an occupied structure, and recklessly endangering another person. *Id.* at 10-11. Kyle ultimately pled guilty to possession with intent to deliver on October 2, 2014. *Id.* at 35.

On December 18, 2013, police conducted a traffic stop and arrested Appellant for the charge of intimidation of a witness/victim. Although not entirely clear in the record, it appears this charge stemmed from the October 26, 2013 incident at his home. A search of Appellant incident to the arrest found $770.00 in cash on Appellant's person and in his vehicle. Additionally, a further search of Appellant and his vehicle discovered 81 bags of heroin, and 36 bags of crack cocaine, leading to the charge of possession with intent to distribute. (Affidavit of Probable Cause (Affidavit).) Following a criminal trial, Appellant was found guilty of possession with intent to distribute. (Notes of Testimony (N.T.), September 8, 2016, at 27-28.)

On October 15, 2015, the Commonwealth filed a petition seeking forfeiture of the entire $3,487.17 in cash recovered during both investigations/arrests. Kyle filed an answer to the forfeiture petition on November 16, 2015. Appellant did not respond to the petition, but did file two motions seeking a return of property. (Trial court op. at 2.) The first motion was dated September 30, 2015, but not received by the clerk of the trial court until October 13, 2015, and sought the return of $770.00 and an "I-phone" seized during the December 18, 2013 arrest. The second motion was filed November 18, 2015, and sought return of the full $3,487.17 in cash.

A forfeiture hearing was held on September 8, 2016. At the start of the hearing, when asked by the trial court if he was ready to proceed without counsel,

2

Kyle stated that he did not wish to proceed and that he was forfeiting all claims of right, title, and interest to the $3,487.17 in United States currency without the need for a hearing. (N.T., September 8, 2016, at 5-7.) The hearing for Appellant proceeded, with the Commonwealth presenting the testimony of Sergeant William Breault (Breault), a detective assigned to the Violent Crime Unit of the Lancaster Bureau of Police. (N.T., September 8, 2016, at 8-9.) His testimony pertained to both the October 26, 2013 investigation and the December 18, 2013 arrest of Appellant. (Trial court op. at 7.)

Breault testified that an initial search and subsequent search warrant were executed at 539 Woodward Street on October 26, 2013. In the course of that search, officers identified that Kyle had a bedroom on the second floor which was padlocked, and that Appellant also resided at the address. (N.T., September 8, 2016, at 9-10.) He confirmed that crack cocaine was located at two separate locations within the residence, and "a significant amount of money" was also located in the residence. *Id.* Breault testified that he personally did not document the recovery of the money. *Id.* at 14. However, he did testify that $2,500.00 was recovered from under a couch cushion. *Id.* at 15. Breault later testified that $217.17 was recovered from Kyle's person. *Id.* at 17. Breault also testified that evidence cards prepared by a different officer indicated that when Appellant was arrested, $770.00 was seized, along with 69 bags of heroin and 36 bags of crack cocaine.[1] *Id.* at 20. The report specifying the locations of the items was prepared by a different officer; Breault testified that "some items" were located in the center console, while others were

---

[1] The Notes of Testimony do not indicate the date of Appellant's arrest.

3

located on Appellant's person.[2]  *Id.* at 20-21.  On cross-examination, Breault indicated that no currency was found in Kyle's locked bedroom.  *Id.* at 22.

Appellant thereafter testified on his own behalf.  He claimed the total amount of the currency was his, and the money was to be used to get an apartment. He later conceded that the money found on Kyle's person did not belong to Appellant.  He denied all knowledge of the activity in the house.  He testified that he asked Kyle to hold the $2,500.00 for him while he was looking for an apartment. Appellant presented his barber's license to the trial court, but provided no other documentation of employment, claiming that the barber business was a cash-only business, and he had not filed a tax return because he was arrested at the end of 2013. He claimed the $770.00 seized at the time of his arrest was from his employment as a barber, and identified two barber shops at which he had been employed.  He later admitted to having a drug problem, and indicated that recreational drug activity was the planned use for the money.  *Id.* at 24-33.  At the conclusion of the hearing, the trial court noted that the burden of proof on the Commonwealth was a preponderance of the evidence.  The trial court concluded that the evidence was "overwhelming" to show a nexus between the drugs and money.  *Id.* at 35.

On September 12, 2016, the trial court entered an order granting the Commonwealth's forfeiture petition, forfeiting Appellant's claim of right, title and interest in the $3,487.17 U.S. currency to the Commonwealth of Pennsylvania, Office of the District Attorney of Lancaster County, pursuant to section 6801(a) of the

---

[2] The Notes of Testimony indicate that $700 was on Appellant's person, but this information was not part of Breault's testimony.  (N.T., September 8, 2016, at 30).

4

Forfeiture Act, 42 Pa.C.S. §6801(a).[3]  (Trial court op. at 2.)  On October 20, 2016, Appellant mailed a *pro se* notice of appeal from the order of September 12, 2016, which was entered and filed on October 26, 2016.  On November 1, 2016, the trial court entered an order directing Appellant file a statement of errors complained of on appeal (Statement of Errors) within 21 days.  (Trial court op. at 3.)  Appellant filed a statement pursuant to Pa.R.A.P 1925(b) on November 18, 2016, alleging in part that the currency was illegally seized and illegally deemed contraband, and that the seizure violated his due process rights.  (Statement of Errors, Paragraph 1.)

In a subsequent opinion in support of its order, the trial court first noted that Appellant's appeal should be quashed because it was not timely filed, i.e., it was not filed within 30 days after the entry of the order from which the appeal was taken as required by Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 903.  (Trial court op. at 3.)  Nevertheless, the trial court stated that the Commonwealth would also prevail on the merits, since the Commonwealth established a "sufficient or substantial nexus" between the property in question and a violation of The Controlled Substance, Drug, Device and Cosmetic Act.[4]  The trial court stated that the cash seized was found within an arm's length of drugs, triggering the rebuttable presumption in section 6801(a)(6)(ii) of the Forfeiture Act.  The trial court found that the Appellant was not a credible witness and did not establish that he lawfully acquired, possessed, or used the cash. (Trial court op. at 4, 9) (citations omitted).

---

[3] By separate order of the same date, the trial court declared that all claims of right, title, and interest of Kyle in the $3,487.17 case were terminated, revoked, and rendered null and void, and directed that said monies be forfeited to the Commonwealth of Pennsylvania, Office of the District Attorney of Lancaster County.

[4] Act of April 14, 1972, P.L. 233, as amended, 35 P.S. §§780-101 — 780-144.

5

Appellant filed an appeal to the Superior Court on November 8, 2016. By order dated December 12, 2016, the Superior Court directed Appellant to show cause as to why his appeal should not be quashed as untimely, and why his appeal should not be transferred to this Court. On December 21, 2016, Appellant filed a response to that order. Appellant did not object to the transfer of his appeal to this Court. Appellant also explained that he did not receive the order dated September 12, 2016, granting forfeiture of the property. Appellant claimed that after the forfeiture hearing, he was transferred to SCI-Camp Hill, and not returned to his original place of confinement (SCI-Houtzdale) until October 18, 2016. Appellant also claimed that while away from his home prison, he did not have access to his legal paperwork, or to a source of money for legal filings. Appellant filed his appeal once he was returned to his home prison, despite having not received the order. By order dated December 29, 2016, the Superior Court transferred Appellant's appeal to this Court.

While Pa.R.A.P 903(a) sets the time limit on filing an appeal, appeals have been permitted in situations involving some breakdown in the court's operation through default of its officers. *Cadogan Township Board of Supervisors v. Department of Environmental Resources*, 549 A.2d 1363, 1364 (Pa. Cmwlth. 1988). Additionally, late filings have been excused due to unavoidable events which prevented timely filing. *C&K Coal Co. v. Department of Environmental Resources*, 535 A.2d 745, 746 (Pa. Cmwlth. 1988). Appellant asserts that he did not receive the September 12, 2016 order granting the forfeiture petition. He also states that he was not returned to SCI-Houtzdale until October 18, 2016, which prevented him from timely filing his appeal. The record appears to support Appellant's assertions. The trial court's September 12, 2016 order was mailed to Appellant at SCI-Houtzdale, which Appellant refers to as his home prison. However, the sheriff's return of service

6

form indicates that Appellant remained at the Lancaster County Prison, where he was being held immediately prior to the forfeiture hearing, until at least September 16, 2016. On that date, Appellant was transferred from the Lancaster County Prison to SCI-Camp Hill, where he remained for an indefinite amount of time. Appellant asserted in his response to the Superior Court's rule to show cause order that he was not returned to SCI-Houtzdale until October 18, 2016. The Commonwealth has not challenged Appellant's assertion.[5] The record indicates that Appellant sent his appeal two days later, on October 20, 2016, and that the same was received by the trial court on October 26, 2016. At the very least, the situation regarding Appellant's transitioning confinement, including the fact that the trial court's order was sent to SCI-Houtzdale and the appeal period had expired by the time Appellant had been returned thereto, constitutes a breakdown in operations that warrants consideration of his appeal *nunc pro tunc*. As such, we decline to quash Appellant's appeal.

On appeal,[6] Appellant argues that the property in question was "illegally seized and not eligible for forfeiture under the Forfeiture Act." (Appellant's Brief at 7). Appellant argues that the record demonstrates that he was the lawful owner of the currency, he lawfully acquired it, and that the money was not related to criminal activity. *Id.* at 7-9. Appellant further argues that the Commonwealth did not meet its burden of showing the money would be used to purchase a controlled substance. *Id.* at 8. We disagree with Appellant's arguments.

---

[5] The Commonwealth declined to file a brief with this Court, and instead relied on the opinion rendered by the trial court.

[6] Our scope of review is limited to determining whether the trial court findings are supported by substantial evidence and whether it abused its discretion or committed an error of law. *Commonwealth v. Smothers*, 920 A.2d 922, 924 n.2 (Pa. Cmwlth. 2007).

7

Section 6802(a) of the Forfeiture Act sets forth the procedure to be followed when seeking forfeiture, providing as follows:

> A petition shall be filed in the court of common pleas of the judicial district where the property is located, verified by oath or affirmation of an officer or citizen, containing the following:
>
> (1) A description of the property seized.
>
> (2) A statement of the time and place where seized.
>
> (3) The owner, if known.
>
> (4) The person or persons in possession, if known.
>
> (5) An allegation that the property is subject to forfeiture pursuant to section 6801(a) (relating to controlled substances forfeiture) or 6801.1(a) (relating to terrorism forfeiture) and an averment of material facts upon which the forfeiture action is based.
>
> (6) A prayer for an order of forfeiture that the property be adjudged forfeited to the Commonwealth and condemned and be ordered sold according to law, unless cause be shown to the contrary.

42 Pa.C.S. §6802(a).

The burden on the Commonwealth in a forfeiture proceeding is to establish, by a preponderance of the evidence, that there is a substantial nexus between unlawful drug activity and the money sought to be forfeited. *Commonwealth v. $34,440.00 United States Currency*, 138 A.3d 102, 108 (Pa. Cmwlth. 2016). When money is found in close proximity to illegal controlled substances, there is a rebuttable presumption that the money is related to drug

8

trafficking. Section 6801(a)(6)(ii) of the Forfeiture Act, 42 Pa.C.S. §6801(a)(6)(ii). Thereafter, the burden shifts to the claimant to show that the money is not forfeitable. If the claimant can show that he is the owner of the property, the property was lawfully acquired, and that it was not unlawfully used or possessed by the claimant, then the claimant has met his burden. *Commonwealth v. $6,425.00 Seized from Esquilin*, 880 A.2d 523, 530 (Pa. 2005).

Appellant concedes that the facts of the case establish the rebuttable presumption. (Appellant's Brief at 7). After initially claiming all of the money in question, he later conceded that he was not the owner of the $217.17 seized from Kyle's person. For the remaining $3,270.00, while Appellant testified that he lawfully acquired the money by working as a barber, he produced no documentation to support this contention. Further, the trial court did not find Appellant to be a credible witness. As such, the Appellant failed to demonstrate that he lawfully owned and acquired the cash. Therefore, Appellant has not satisfied his burden. As Kyle has already forfeited his rights to the money, the trial court did not err in granting the Commonwealth's forfeiture petition.

Because Appellant failed to satisfy his burden of showing he was the lawful owner of the $3,270.00 in cash, the trial court did not err in granting the Commonwealth's petition with respect to these monies.[7]

---

[7] We note our Supreme Court's recent pronouncement on forfeiture law in the consolidated actions of *Commonwealth of Pennsylvania v. 1997 Chevrolet and Contents Seized from James Young (Elizabeth Young)* and *Commonwealth of Pennsylvania v. The Real Property and Improvements Known as 416 S. 62nd Street, Philadelphia, Pa., 19143 (Elizabeth Young)*, ___ A.3d ___ (Pa., Nos. 29 and 30 EAP 2015, filed May 25, 2017). However, this consolidated decision focused on a challenge brought under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, which Appellant has not raised in this case. Rather, here, Appellant conceded that the Commonwealth established a rebuttable presumption under section 6801(a)(6)(ii) of the Forfeiture Act, 42 Pa.C.S. §6801(a)(6)(ii), that the money retrieved from the couch was **(Footnote continued on next page…)**

Accordingly, the order of the trial court is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

---

**(continued…)**

related to drug trafficking.  Appellant focused his argument on his contention that said money was lawfully acquired, but failed to present sufficient evidence establishing the same.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
:  No.  2085 C.D. 2016
v. :
:
$3,487.17 U.S. Currency :
:
Appeal of:  Timothy Baldwin :

## ***ORDER***

AND NOW, this 14th day of August, 2017, the order of the Court of Common Pleas of Lancaster County (trial court), dated September 12, 2016, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge